## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JONES, )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>T. J. COLLINS, LARRY KAFFERY )<br>and LEE GRAHAM, )<br>)<br>          Defendants. ) | CIVIL NO. 05-663-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the St Clair County jail at the time of the alleged events, brings this

action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously

was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as

ordered.  This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

On August 16, 2005, Plaintiff was transported from the jail to the St. Clair County courthouse for a hearing. On route, immediately outside the courthouse, the transport van driven by Defendant Graham was involved in an auto accident when Graham backed the van into an oncoming vehicle. Graham exited the van, and Defendant Kaffery then drove the van into the parking garage below the courthouse. Plaintiff claims he was denied immediate medical attention for unspecified injuries from August 16-19. He seeks damages for the lack of medical attention, for Graham's reckless driving that led to the accident, and for Graham and Kaffery's negligence in failing to secure his seatbelt in the van prior to leaving the jail.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  Allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results.  *Id.*

In this case, the complaint contains no information on what injuries, if any, he sustained from this accident.  According to the exhibits attached to the complaint, Plaintiff filed a medical care request at the jail the evening of August 16, which was received at 10:30 PM; that request complained of neck and back pain.  Further exhibits indicate that as of August 17, 2005, Plaintiff was given pain medication on a regular schedule; these records completely refute his claim that he was denied any medical attention until August 19.  Therefore, the Court cannot find that any of the defendants were deliberately indifferent to his medical needs, and his claims regarding medical care are **DISMISSED** from this action with prejudice.

As for Graham's reckless driving or the failure to fasten seatbelt, these allegations present, at best, claims of negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, these claims are also **DISMISSED** from this action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: June 1, 2006.**

       **s/ J. Phil Gilbert**
       **U. S. District Judge**